IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DESHUN TERRELL BANKS,                )
                                     )
          Plaintiff,                 )
                                     )
vs.                                  )          CIV. A. NO. 25-00046-KD-N
                                     )
J. CLARK STANKOSKI, *et al.,*        )
                                     )
          Defendants.                )

## REPORT AND RECOMMENDATION

Plaintiff Deshun Terrell Banks, an Alabama prison inmate, filed a complaint, without the assistance of an attorney (*pro se*), seeking relief under 42 U.S.C. § 1983. (Doc. 1). Thereafter, he was granted permission to proceed with his lawsuit without the prepayment of fees, *or in forma pauperis*. (*See* Doc. 8).  However, he has since failed to prosecute this action. Accordingly, the undersigned **RECOMMENDS** Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

### I.    Background.

On January 30, 2025, the Court docketed Plaintiff's complaint.[1] (Doc. 1). Review of the complaint revealed that it was a shotgun pleading, failing to provide adequate notice of the claims against each defendant and the factual grounds upon which each claim rested. Moreover, the complaint allegations failed to set out supporting facts necessary for each claim. Furthermore, some claims were simply incomprehensible. It was also noted that Plaintiff

---

[1]    Notably, on June 6, 2025, the Court became aware that Plaintiff originally sent a complaint dated 12/20/2024 to the federal courthouse in Selma, Alabama that was held at the Selma Post Office. This complaint was retrieved by the Clerk of Court from Selma, AL on June 5, 2025, and docketed in this case. (See Doc. 9 and electronic entry dated 6/6/2025).

appeared to being suing parties that were not actionable under § 1983, like judges and prosecutors, and seeking relief that was not recoverable under § 1983, like release from prison or dismissal of charges. For these reasons, on March 25, 2025, the Court ordered him to re-file his complaint and cure the deficiencies idenitifed by April 23, 2025. (*See* Doc. 8). Plaintiff was also cautioned in the Court's order that failure to comply with the order within the prescribed deadline or failure to advise the Court of a change in address would result in the dismissal of the action for failure to prosecute and to comply with the Court's order. (*Id*. at 9-10). The order was mailed to Plaintiff and, to date, has not been returned as undeliverable.

As of June 30, 2025, Plaintiff has not complied with the undersigned's order, nor has he filed anything further with the Court. Based on an independent internet search of the Alabama Department of Corrections (ADOC) website, it appears that Plaintiff continues to be confined at Elba Work Release, where the Court's order was mailed.

## II.     Dismissal.

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, as previously discussed, Plaintiff's complaint was a shotgun pleading which violated the Federal Rules of Civil Procedure and sought relief from parties immune from suit. He was ordered to cure these deficiencies but did not. To date, the Court has not received any filing or correspondence from him. Plaintiff's deadline for compliance has now passed.

Upon consideration of these facts and of the alternatives available to the Court, the

undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

### III.    Conclusion.

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice**; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58. Plaintiff is reminded that in any subsequent cases filed in this Court, Plaintiff must comply with all Court orders, including following set deadlines and updating the Court as to his location.

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection,

however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **15th** day of **August 2025**.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**